IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SAM JONES, )<br>    ID # 1787475, )<br>        Petitioner, )<br>vs. )<br> )<br>LORIE DAVIS, Director, Texas )<br>Department of Criminal Justice, )<br>Correctional Institutions Division, et al., )<br>        Respondent. ) | No. 3:17-CV-1028-B (BH)<br><br>Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

By *Special Order 3-251*, this habeas case has been referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the petition for writ of habeas corpus under 28 U.S.C. § 2254 should be **DENIED** as barred by the statute of limitations.

**I.  BACKGROUND**

Sam Jones (Petitioner) challenges his conviction for aggravated assault. The respondent is Lorie Davis, Director of the Texas Department of Criminal Justice (TDCJ), Correctional Institutions Division (Respondent).

**A.   Trial and Appeal**

On September 30, 2011, the State of Texas indicted Petitioner, as Samuel Lee Jones, for aggravated assault against a witness/informant in Cause No. F11-14842. (*See* doc. 20-14 at 19.)[1] He pleaded not guilty and was tried before a jury in Criminal District Court #1 of Dallas County, Texas.

Petitioner and his girlfriend had a fight, and they were both arrested and charged with misdemeanors. After they were released on bond, Petitioner visited his girlfriend and asked her to

---

[1] Page citations refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

drop the charges and sign affidavits. She agreed to drop the charges but declined to sign the affidavits because they contained false statements. Petitioner insisted that she sign the affidavits, and the girlfriend tried to leave. He grabbed a knife, knocked her down, hit her, stabbed her repeatedly, and told her that he was going to kill her.

Petitioner testified that he had problems getting a job due to his criminal record. He was required to register as a sex offender because of a prior conviction. He claimed that he had registered but had been charged with failing to register at the time of the incident with his girlfriend. Going to jail for the misdemeanor assault against his girlfriend made him hysterical. When she refused to sign the affidavits, the fear of returning to prison made him "snap," and something in his mind told him to "kill the devil." He testified that he remembered grabbing the knife but did not remember stabbing her. On cross-examination, however, he admitted that he knew that he stabbed her and fled in his car to a friend's house. He claimed that he was driven to insanity because he was stressed, and that his parole officer had lied about the sex offender registration requirement. Petitioner's friends testified that he was usually a nice guy and a happy employee. At the time of the offense, he had changed and was worrying. He appeared to be upset and distraught on the day of the offense. The trial court refused to instruct the jury on the defense of insanity. *See Jones v. State*, No. 05-12-00618-CR, 2013 WL 3717771 at *1-2 (Tex. App. – Dallas 2014).

On April 25, 2012, the jury convicted Petitioner, and he was sentenced to life imprisonment. (*See id.* at 113.) The judgment was affirmed on appeal. (*See* doc. 20-11 at 6); *see also Jones*, No. 2013 WL 3717771. His petition for discretionary review was refused. *See Jones v. State*, PD-1047-13 (Tex. Crim. App. Nov. 27, 2013). He did not file a petition for writ of certiorari.

2

### B.    Habeas Proceedings

Petitioner's first state habeas application was signed on April 28, 2014, and received by the state court on May 12, 2014. (*See* doc. 20-22 at 5, 45.) On July 9, 2014, it was dismissed as non-compliant with Texas Rule of Appellate Procedure 73.1. (*See* doc. 20-19); *Ex parte Jones*, WR-38,160-03 (Tex. Crim. App. July 9, 2014).

Petitioner filed a federal habeas petition under § 2254 on July 25, 2014. (*See* No. 3:14-CV-3134-D, doc. 1.) On November 20, 2014, the respondent responded that the petition should be dismissed for failure to exhaust state remedies. (*See id.*, doc. 26.) On February 17, 2015, it was recommended that the petition be dismissed as unexhausted. (*See id.*, doc. 35.) Petitioner filed objections on March 10, 2015, a motion for a stay and abeyance on March 30, 2015, and a supplemental motion for a stay and abeyance on April 3, 2015. (*See id.*, docs. 36, 40, 42.) On July 15, 2015, it was recommended that the motions to stay and abate be denied. (*See id.*, doc. 45.) Movant filed objections on August 6, 2015. (*See id.*, doc. 46.) On August 27, 2015, the motions to stay and abate were denied, and the petition was dismissed for failure to exhaust state remedies. (*See id.*, docs. 48, 49.) Petitioner appealed, and the Fifth Circuit Court of Appeals denied a certificate of appealability on June 24, 2016. (*See id.*, doc. 62); *Jones v. Davis*, No. 15-10927 (5th Cir. June 24, 2016).

His second state habeas application was signed on September 1, 2015, and received on September 15, 2015. (*See* doc. 20-34 at 5, 55.) On November 25, 2015, it was also dismissed as non-compliant with Texas Rule of Appellate Procedure 73.1. (*See* doc. 20-32); *Ex parte Jones*, WR-38,160-05 (Tex. Crim. App. Nov. 25, 2015).

Petitioner's third state habeas application was signed on December 4, 2015, and received by

3

the state court on December 16, 2015. (*See* doc. 20-67 at 5, 49.) It was denied without written order on March 29, 2017. (*See* doc. 20-46.)

**C.    Substantive Claims**

Petitioner's federal petition, signed on April 5, 2017, raises the following grounds:

(1)    Trial counsel was ineffective because he:

(a) failed to subpoena witness and evidence as instructed by Petitioner to show that Petitioner became insane because he was being maliciously prosecuted;

(b) waived an opening statement;

(c) failed to impeach the complainant's perjured testimony, lies, contradictions, and misleading statements;

(d) refused to subject the State's case to meaningful adversarial testing and refused to advocate the Petitioner's position;

(e) failed to obtain the appointment of a psychiatric expert in a timely fashion;

(f) failed to object to the psychiatrist's flawed 45-minute cursory evaluation and did not file a motion for a re-evaluation or second opinion by a different psychiatrist;

(g) failed to offer expert testimony on post-traumatic stress disorder;

(h) failed to present evidence of Petitioner's traumatic prison experiences;

(i) failed to argue the admission and relevance of evidence vital to the insanity defense;

(j) failed to properly develop and present the insanity defense;

(k) failed to prepare Petitioner and witnesses to testify;

(l) failed to interview state or defense witnesses, asked irrelevant questions in cross-examination, and asked questions of defense witnesses that were objected to as irrelevant;

(m) failed to interview parole officers and investigate their computer files;

(n) filed a generic motion for new trial;

        (o) was constitutionally deficient in the totality of his representation;

(2)      Petitioner is innocent of the offense by reason of insanity;

(3)      The trial court ignored or denied Petitioner's motions to dismiss counsel; and

(4)      The trial court refused to allow Petitioner to present evidence that would have supported his insanity defense.

(*See* doc. 3 at 12-23.) His supplemental petition claims:

(1)      The trial court refused to instruct the jury on the defense of insanity; and

(2)      Appellate counsel was ineffective.

(*See* doc. 29 at 2-3.) Respondent contends that the petition is barred by the statute of limitations. (*See* docs. 18 at 11, 34 at 11.)

## II. STATUTE OF LIMITATIONS

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because Petitioner filed his petition after its effective date, the Act applies to it. Title I of the Act substantially changed the way federal courts handle habeas corpus actions. One of the major changes is a one-year statute of limitations. See 28 U.S.C. § 2244(d)(1).

**A.**      **Calculation of One-Year Period**

The one-year period is calculated from the latest of either:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

5

>  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*See id.* § 2244(d)(1)(A)-(D).

Here, the factual predicate for Petitioner's claims either became known or could have become known prior to the date his judgment became final.[2] His petition for discretionary review was refused on November 13, 2013. The judgment became final on February 11, 2014, when the ninety-day period for filing a petition for writ of certiorari expired. *See Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir. 1998) (citing *Caspari v. Bohlen*, 510 U.S. 383, 389 (1994)). He had until February 11, 2015, to file his federal habeas petition, absent any tolling of the statute of limitations.

**B.    Statutory Tolling**

Section 2244 mandates that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall not be counted toward any period of limitation under this subsection.*" 28 U.S.C. § 2244(d)(2) (emphasis added). Petitioner's first and second state habeas applications were not properly filed under § 2244(d)(2) because they were dismissed as being non-compliant with a state procedural rule, so they did not toll the limitations period. *See Davis v. Quarterman*, 342 F. App'x. 952, 953 (5th Cir. Aug. 27, 2009) (holding that a state writ dismissed pursuant to Tex. R. App. P. 73.1 was not "properly filed" within the meaning of § 2244(d)(1)(A)). The prior federal habeas petition did not

---

[2] He has not alleged a state-created impediment that prevented him from filing his federal petition or any new constitutional right.

6

toll the limitations period. *See Duncan v. Walker*, 533 U.S. 167, 181 (2001) (holding "that § 2244(d)(2) does not toll the limitation period during the pendency of a federal habeas petition). His third state habeas application filed on December 4, 2015, also did not toll the limitations period because it had already expired. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (an application filed in state court after the limitations period has expired does not operate to statutorily toll the limitations period). Petitioner filed his § 2254 petition on April 5, 2017, the date that it was mailed.[3] Because it was filed more than two years after the judgment became final, it is untimely.

Petitioner argues that his § 2254 petition relates back to his prior federal habeas petition, so it is timely. "Construing an application filed after a previous application is dismissed without prejudice as a continuation of the first application for all purposes would eviscerate the AEDPA limitations period and thwart one of AEDPA's principal purposes." *Graham v. Johnson*, 168 F.3d 762, 780 (5th Cir. 1999). The petition does not relate back to his prior petition, so it is untimely.

## C.     Equitable Tolling

AEDPA's one-year statutory deadline is not a jurisdictional bar and can, in appropriate exceptional circumstances, be equitably tolled. *Holland v. Florida*, 560 U.S. 631 (2010); *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998); *cf. Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) (only "rare and exceptional circumstances" warrant equitable tolling). "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis*, 158 F.3d at 810 (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)). It "applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights."

---

[3] *See Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (recognizing that prisoners file their federal pleadings when they place them in the prison mail system).

*Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). A habeas petitioner is entitled to equitable tolling only if he shows that: 1) he has been pursuing his rights diligently, and 2) some extraordinary circumstance prevented a timely filing. *Holland*, 560 U.S. at 649, citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). He bears the burden to show entitlement to equitable tolling. *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam). Courts must examine each case in order to determine if there are sufficient exceptional circumstances that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). The Fifth Circuit has also stated that when a prisoner contends that his ability to file a federal habeas petition has been affected by a state proceeding, the court should look at the facts to determine whether equitable tolling is warranted. *Coleman*, 184 F.3d at 402.

Petitioner asserts that he acted diligently in filing his habeas applications and petitions shortly after previous ones were dismissed or denied. He first contends that the failure to follow state habeas rules and procedures was due to his *pro se* status and misunderstanding of the rules and procedures. (*See* doc. 28 at 11.) His *pro se* status and lack of knowledge of the law are not extraordinary circumstances and do not support equitable tolling, however. *See Felder*, 204 F.3d at 171-72 (ignorance of the law and *pro se* status do not support equitable tolling).

Second, Petitioner contends that although his first federal habeas petition was dismissed without prejudice for failure to exhaust state remedies, the effect was a dismissal with prejudice because the limitations period expired while that petition was pending. He asserts that he is entitled to equitable tolling for that reason. In an analogous situation, the Fifth Circuit held that the fact that a state court did not immediately inform a state habeas applicant that the habeas application was improperly filed was not an extraordinary circumstance that warranted equitable tolling. *Jones v.*

8

*Stephens*, 541 F. App'x 499, 503-04 (5th Cir. 2013). As in *Jones*, it was Petitioner's failure to exhaust his claims with a compliant state habeas application that caused his federal petition to be untimely. *See id*. at 504. He has not shown that he is entitled to equitable tolling.

**D.     Actual Innocence**

Petitioner also contends that he is innocent by reason of insanity. In *McQuiggin v. Perkins*, 569 U.S. 383, 386-91 (2013), the Supreme Court held that even where a habeas petitioner has failed to demonstrate the due diligence required to equitably toll the statute of limitations, a plea of actual innocence can overcome the AEDPA statute of limitations under the "miscarriage of justice" exception to a procedural bar. A tenable actual innocence claim must persuade a district court that in light of the new evidence, it is more likely than not that no rational fact-finder would have found the petitioner guilty beyond a reasonable doubt in light of the new evidence. *Id*. at 386, 399. The untimeliness of a plea of actual innocence does bear on the credibility of the evidence offered. *Id*. at 399-400. "[A] credible claim [of actual innocence to excuse the untimeliness of a habeas petition] must be supported by new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Floyd v. Vannoy*, No. 17-30421, 2018 WL 1663749 at *6-7 (5th Cir. Apr. 6, 2018).

Evidence that was "always within the reach of [petitioner's] personal knowledge or reasonable investigation" is not new for purposes of the actual-innocence excuse for untimeliness. *Hancock v. Davis*, 906 F.3d 387, 390 (5th Cir. 2018). Petitioner has not shown that there was evidence of innocence that was unavailable to him or counsel at or before trial. *See id*. Because he has not shown the availability of new evidence not previously available, he has not shown that he is entitled to equitable tolling.

### III. RECOMMENDATION

This petition for writ of habeas corpus should be **DENIED** with prejudice as barred by the statute of limitations.

**SIGNED on this 13th day of December, 2018.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE