IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SAM JONES,<br>    ID # 1787475,<br>        Petitioner,<br>vs.<br><br>LORIE DAVIS, Director, Texas<br>Department of Criminal Justice,<br>Correctional Institutions Division, et al.,<br>        Respondent. | No. 3:17-CV-1028-B (BH)<br><br>Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

By *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation. Before the Court is *Petitioner Jones' Objections to the Magistrate Judge's Findings, Conclusions, and Recommendation*, received on January 8, 2019 (doc. 41). Based on the relevant filings and applicable law, the filing should be construed as a motion to alter or amend the judgment under Fed. R. Civ. P. 59(e) and **DENIED**.

**I. BACKGROUND**

Sam Jones (Petitioner) filed a federal habeas petition under 28 U.S.C. § 2254, received on April 13, 2017. (*See* doc. 3.) On December 13, 2018, it was recommended that the habeas petition be denied as barred by the statute of limitations. (*See* doc. 38.) The recommendation was accepted, the petition was denied, and judgment was entered on January 3, 2019. (*See* docs. 39, 40.)

Petitioner's objections, which were signed on December 30, 2018, were received on January 8, 2019. (*See* doc. 41.) He again argues that the untimeliness of his petition should be excused, that he was diligent and actually innocent, and that the second federal petition related back to the first federal petition. (*See* doc. 41 at 8-13, 16-19, 19-21.) He also argues that this Court did not address the miscarriage of justice exception to the limitations bar. (*See id*. at 21.) He also asserts that after

it was recommended that his first federal petition be dismissed as unexhausted, he did not know how to voluntarily dismiss his federal petition so that he could file another state application to exhaust his claims before the limitations period expires. (*See id.* at 11 n.3.) Petitioner also contends that he was misled about the timeliness of a second federal petition by the July 15, 2015 recommendation on a motion to stay and abate in the first habeas case. (*See* doc. 41 at 13-16.)

## II.  FED. R. CIV. P. 59(e)

Because Petitioner's filing was received within 28 days of the entry of judgment, it should be liberally construed as a motion to alter or amend the judgment under Rule 59(e) of the Federal Rules of Civil Procedure. *See Rogers v. McKee*, No. 9:06cv228, 2007 WL 2900545, at *2 (E.D. Tex. Oct. 1, 2007) (construing objections to recommendation received after dismissal of habeas petition as motion for relief from judgment) (citing *Bagley v. Board of Directors-Farmers National Bank*, 31 F. App'x 152 (5th Cir. 2001) (holding that objections filed after the entry of an order of dismissal should be construed as a Rule 60 motion for relief from judgment)); *see also Campbell v. Schweitzer*, No. 1:16-CV-411, 2017 WL 4510619, at *1 (S.D. Ohio Oct. 10, 2017) (construing objections that were timely mailed prior to entry of judgment but received after judgment as motion to amend under Rule 59(e)).

To prevail on a motion to alter or amend a judgment under Rule 59(e), the moving party must show (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) a manifest error of law or fact. *See Schiller v. Physicians Resource Group, Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). A Rule 59(e) motion is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Although

2

courts have "considerable discretion" to grant or to deny a Rule 59(e) motion, they use the "extraordinary remedy" under Rule 59(e) "sparingly." *Id.* at 479, 483. When considering a motion to alter or amend judgment, "[t]he court must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993). Petitioner does not allege new evidence or a change in the law, and he has not demonstrated a manifest error of law or fact.

Moreover, Petitioner's objections lack merit. The court found that he had not shown entitlement to equitable tolling; his failure to timely file his petition was due to his filing of two non-compliant state habeas applications and an unexhausted federal petition. (*See* doc. 38 at 7-9.) The miscarriage of justice exception to the limitations bar was specifically addressed when the court found that Petitioner not meet the exception because he did not show that he was actually innocent based on newly available evidence. (*See id*. at 7-9.) Additionally, his § 2254 petition did not relate back to his prior federal petition, so it was untimely. (*See* doc. 38 at 7); *see also Graham v. Johnson*, 168 F.3d 762, 780 (5th Cir. 1999).

When Petitioner inquired about when he could file a state habeas application, the court clerk responded that the clerk's office was not allowed to give him legal advice and could not tell him when he could file a document in a different court. (*See id*. at 25.) Petitioner's *pro se* status and lack of knowledge of the law are not extraordinary circumstances and do not support equitable tolling. *Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000).

Regarding the July 2015 recommendation in the first federal habeas case, it was entered after the limitations period expired, so it could not have caused the untimely filing of the second federal petition. *See Nelson v. Quarterman*, 215 F. App'x 396, 399 (5th Cir. 2007) (holding that the

petitioner could not have been misled by a district court order that was entered after the limitations period expired).

Petitioner has not shown a basis for relief under Rule 59(e).

### III  RECOMMENDATION

Petitioner's filing should be construed as a motion under Fed. R. Civ. P. 59(e) and **DENIED**.

**SIGNED on this 23rd day of January, 2019.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE