IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SAM JONES,                   ) | |
|     ID # 1787475,          ) | |
|        Petitioner,         ) | |
| vs.                           ) | No. 3:17-CV-1028-B-BH |
|                                  ) | |
| LORIE DAVIS, Director,        ) | |
| Texas Department of Criminal  ) | |
| Justice, Correctional Institutions Division, ) | Referred to U.S. Magistrate Judge[1] |
|        Respondent.        ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court is the petitioner's *Rule 60(b) Motion*, received on September 10, 2019 (doc. 50). Based on the relevant filings, evidence and applicable law, the motion should be **DENIED.**

**I. BACKGROUND**

Sam Jones (Petitioner) filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his state court conviction that was received on April 13, 2017. (*See* doc. 3.) On December 13, 2018, it was recommended that the petition be denied with prejudice as barred by the one-year statute of limitations in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217. (*See* doc. 38.) Petitioner did not file objections to the recommendation in the period of time allotted for objections, and on January 3, 2019, the Court accepted the findings and recommendation, denied a certificate of appealability, and entered judgment. (*See* docs. 39, 40.)

Petitioner's objections to the recommendation, dated December 30, 2018, were received on January 8, 2019. (*See* doc. 41.)[2] On January 23, 2019, it was recommended that the post-judgment

---

[1] By *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

[2] His first notice of appeal, dated January 14, 2019, was received on January 16, 2019. (*See* doc. 42.)

objections be construed as a motion to alter or amend the judgment under FED. R. CIV. P. 59(e) and denied. (*See* doc. 43.) The recommendation was accepted, and the motion was denied on February 12, 2019. (*See* doc. 49.)[3]

Petitioner now seeks relief from the judgment under Rule 60(b) of the Federal Rules of Civil Procedure. (*See* doc. 50.) He argues that this Court's procedural rulings are in conflict with several circuit courts, and that it erred in its reliance upon *Jones v. Stephens*, 541 F. App'x 499, 502-04 (5th Cir. 2013) (per curiam), to support its conclusion that he was not entitled to equitable tolling, and that his habeas petition was time-barred. (*See* doc. 50 at 1-2.)[4]

## II.  FED. R. CIV. P. 60(b)

Rule 60(b) of the Federal Rules of Evidence provides that a court may relieve a party from a final judgment or order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered earlier; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or it is based on an earlier judgment that has been reversed or vacated, or that applying the judgment prospectively is no longer equitable; or (6) any other reason that justifies relief. FED. R. CIV. PROC. 60(b)(1)-(6).

Petitioner implicitly relies on paragraph (6), which is the "catch-all" clause of Rule 60(b).[5]

---

[3] A second notice of appeal, also dated January 14, 2019, was received on January 23, 2019. (*See* doc. 44.)

[4] Page citations refer to the CM/ECF system page number at the tope of each page rather than the page numbers at the bottom of each filing.

[5] Petitioner is challenging the failure to reach the merits of his case on the basis that it is barred by the statute of limitations. A motion that merely challenges the failure to reach the merits of a habeas petition is properly filed under Rule 60(b). *See Gonzalez v. Crosby*, 545 U.S. 524, 530-33 (2005) (holding that "a Rule 60(b) motion in a § 2254 case is not to be treated as a successive habeas petition if it does not assert, or reassert, claims of error in the movant's state conviction.").

*See Hess v. Cockrell*, 281 F.3d 212, 215-16 (5th Cir. 2002). It is "a residual clause used to cover unforeseen contingencies; that is, it is a means for accomplishing justice in exceptional circumstances." *Steverson v. GlobalSantaFe Corp.*, 508 F.3d 300, 303 (5th Cir. 2007) (quoting *Stipelcovich v. Sand Dollar Marine, Inc.*, 805 F. 2d 599, 604-05 (5th Cir. 1986)). Motions under this clause "will be granted only if extraordinary circumstances are present." *Hess*, 281 F.3d at 216. In *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396 (5th Cir. 1981), the Fifth Circuit set forth the following factors to consider when evaluating such a motion: 1) that final judgments should not lightly be disturbed; 2) that a Rule 60(b) motion should not be used as a substitute for appeal; 3) that the rule should be liberally construed in order to achieve substantial justice; 4) whether, if the case was not decided on its merits due to a default or dismissal, the interest in deciding the case on its merits outweighs the interest in the finality of the judgment and there is merit in the claim or defense; 5) whether, if the judgment was rendered on the merits, the movant had a fair opportunity to present his claims; 6) whether there are intervening equities that would make it inequitable to grant relief; and 7) any other factors relevant to the justice of the judgment under attack. *Id.* at 402.

Petitioner challenges the "misguided reliance on *Jones*" as support for the conclusion that he was not entitled to equitable tolling. (*See* doc. 50 at 2.) In *Jones*, the district court considered the timeliness of Jones' petition for writ of habeas corpus under 28 U.S.C. § 2254. 541 F. App'x at 502. It found that statutory tolling was not available because Jones' first state habeas application had not been "properly filed" as required for tolling, his second application was filed after the limitations period had expired, and he had failed to show that the state court's one-year delay in dismissing the first application was so egregious that it violated his constitutional rights. *Id.* It also found that equitable tolling was not warranted because Jones had not been diligent in pursuing his

3

rights, and that his pro se status was not an adequate excuse for his untimely filing. *Id.*

On appeal, Jones argued that the state courts' failure to timely inform him that his habeas application was improperly filed misled him into missing the deadline for filing a federal habeas petition, which constituted an extraordinary circumstance. *Id.* at 503. He also claimed that his mental illness should have been considered in deciding whether equitable tolling was appropriate. *Id.* at 503-04. The Fifth Circuit concluded that the claimed extraordinary circumstance that prevented Jones from timely filing his petition was his failure to comply with the procedural rules for the filing of a state habeas application. *Id.* at 504. Given his delays in filing his state applications and federal petition, the Fifth Circuit found that the district court had not abused its discretion in finding that Jones had not been diligent or shown extraordinary circumstances that warranted equitable tolling. *Id.* at 504-05. It also found that he had not made a threshold showing of incompetence or a causal connection between his mental illness and his untimely petition.[6] *Id.* at 505. Accordingly, the Fifth Circuit found that Jones had not shown extraordinary circumstances that justified equitable tolling and affirmed the dismissal of his petition as untimely. *Id.* at 504-506.

Here, the December 13, 2018 findings and recommendation noted:

> Petitioner contends that although his first federal petition was dismissed without prejudice for failure to exhaust state remedies, the effect was a dismissal with prejudice because the limitations period expired while that petition was pending. He asserts that he is entitled to equitable tolling for that reason. In an analogous situation, the Fifth Circuit held that the fact that a state court did not immediately inform a state habeas applicant that the habeas application was improperly filed was not an extraordinary circumstance that warranted equitable tolling. *Jones v. Stephens*, 541 F. App'x 499, 503-04 (5th Cir. 2013). As in *Jones*, it was Petitioner's failure to exhaust his claims with a compliant state habeas application that caused his federal petition to be untimely. *See id.* at 504. He has not shown that he is entitled

---

[6] The Fifth Circuit noted that mental illness can warrant equitable tolling when a petitioner makes a threshold showing of incompetence and demonstrates that his incompetence affected his ability to file a timely habeas petition. *Jones*, 541 F. App'x at 505.

4

to equitable tolling.

(*See* doc. 38 at 8-9.) In his original objections to this recommendation, Petitioner presented the same argument he now makes under Rule 60(b), arguing that "[t]he Magistrate Judge then applies an incorrect and misguided reliance on *Jones v. Stephens*, 541 F. App'x 499, 503-04 (5th Cir. 2013) to conclude that the instant Petitioner [Jones] is not entitled to equitable tolling." (*See* doc. 41 at 6.) His timeliness objection was specifically addressed after his objections were construed as a motion to alter or amend the judgment under Rule 59. (*See* docs. 43, 49.)

Petitioner has not shown why the Court's reliance on *Jones* is misplaced. The out-of-circuit opinions he cites are not binding. *See Hoyt v. Lane Constr. Corp.*, 927 F.3d 287, 300 n. 1 (5th Cir. 2019) (Haynes, J., dissenting) (recognizing that out-of-circuit precedent is not binding). His first state application was received by the state court on May 12, 2014, and it was dismissed as non-compliant on July 9, 2014. (*See* doc. 20-22 at 5, 45; doc. 20-19.) In comparison, the state court delay in *Jones* was one year. His first federal petition was filed on July 25, 2014; the respondent contended that the petition was unexhausted on November 20, 2014, and it was recommended that the petition be dismissed as unexhausted on February 17, 2015. (No. 3:14-CV-3134-D, docs. 26, 35.) Based on the response, he had notice prior to the expiration of the statute of limitations on February 11, 2015, that the respondent contended that his federal petition was unexhausted. Petitioner filed two rounds of objections and motions to stay and abate before the petition was ultimately dismissed for failure to exhaust on August 27, 2015. (*See id.* at docs. 36, 40, 42, 45, 46, 48, 49.) The seven-month delay between the filing of the petition and the recommendation that it be denied as unexhausted is also less than the delay in *Jones*. Petitioner has still failed to demonstrate "extraordinary circumstances" as required under Rule 60(b), and his motion should be

5

denied. *See Steverson*, 508 F.3d at 303.

## III. RECOMMENDATION

Petitioner's motion should be **DENIED**.

**SIGNED this 3rd day of October, 2019.**

                                              IRMA CARRILLO RAMIREZ
                                              UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

                                              IRMA CARRILLO RAMIREZ
                                              UNITED STATES MAGISTRATE JUDGE