IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SAM JONES, ) | |
|     ID # 1787475, ) | |
|         Petitioner, ) | |
| vs. ) | No. 3:17-CV-1028-B (BH) |
| ) | |
| LORIE DAVIS, Director, Texas ) | |
| Department of Criminal Justice, ) | |
| Correctional Institutions Division, ) | |
|         Respondent. ) | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court is a *Petitioner/Appellant Request for an Certificate of Appealability*, received on November 13, 2019 (doc. 57). Based on the relevant filings and applicable law, the petitioner's motion should be **DENIED**.

**I. BACKGROUND**

Sam Jones (Petitioner) filed a federal habeas petition under 28 U.S.C. § 2254, received on April 13, 2017, and an amended petition that was received on October 23, 2017. (*See* docs. 3, 30.) On December 13, 2018, it was recommended that the habeas petition be denied as barred by the statute of limitations. (*See* doc. 38.) The recommendation was accepted, the petition was denied, and judgment was entered on January 3, 2019. (*See* docs. 39, 40.)

Petitioner's objections to the recommended dismissal were received on January 8, 2019, after judgment had been entered. (*See* doc. 41.) His notice of appeal was received on January 16, 2019. (*See* doc. 42.) On January 23, 2019, it was recommended that the objection be construed as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e) and denied. (*See* doc. 43.) Petitioner's

---

[1] By *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

second notice of appeal was received on that same day. (*See* doc. 44.) On February 12, 2019, the recommendation that the Rule 59(e) motion be denied was accepted, and a certificate of appealability was denied. (*See* doc. 49.)

Petitioner then filed a motion for relief from the judgment under Rule 60(b), which was received on September 10, 2019. (*See* doc. 50.) On October 3, 2019, it was recommended that the motion be denied, Petitioner's objections were received on October 22, 2019, and the recommendation was accepted on October 25, 2019. (*See* docs. 51-53.) Petitioner then filed objections and another notice of appeal. (*See* docs. 52, 55.) He now seeks a certificate of appealability. (*See* doc. 57.)

## II. CERTIFICATE OF APPEALABILITY

Before a § 2254 petitioner can appeal the denial of his petition, he must obtain a certificate of appealability. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Appellate review of the denial of a habeas petition is limited to the issues on which a certificate of appealability is granted. *See Crutcher v. Cockrell*, 301 F.3d 656, 658 n.10 (5th Cir. 2002).

To demonstrate entitlement to a certificate of appealability, a petitioner must show: (1) that reasonable jurists would find this Court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

Here, Petitioner has failed to make the requisite showing. His § 2254 petition was denied as barred by the statute of limitations, so this case was resolved procedurally. The law governing the statute of limitations for a § 2254 petition is well established. Therefore, reasonable jurists

2

would not debate whether this Court was correct in its procedural ruling.

### III. RECOMMENDATION

Petitioner's motion for a certificate of appealability should be **DENIED**.

**SIGNED on this 3rd day of December, 2019.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE